FILED
United States Court of Appeals
Tenth Circuit

April 22, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

NOE MARDOQUEO
RODRIGUEZ-LEIVA,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 14-9580
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **PHILLIPS**, Circuit Judges.

Noe Mardoqueo Rodriguez-Leiva, proceeding pro se, petitions for review of a

Board of Immigration Appeals (BIA) order dismissing his appeal from an

immigration judge's (IJ) removal order. Exercising jurisdiction under 8 U.S.C.

§ 1252(a), we dismiss in part and deny in part the petition for review.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Rodriguez-Leiva is a native and citizen of Guatemala who entered the United States in May 2004 without being admitted or paroled. The Department of Homeland Security commenced removal proceedings against him in 2011. He conceded removability, but applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Mr. Rodriguez-Leiva testified at a hearing before the IJ that he witnessed his friend's murder in his hometown in Guatemala in November 2003. He said he did not know the two assailants or why they killed his friend, but that the men threatened to kill him if he testified against them or attempted to identify them. About two months later, Mr. Rodriguez-Leiva gave a statement about his friend's murder to government authorities. Soon thereafter, unknown men pursued him to his home and shot at him, and he also received a threatening letter. Mr. Rodriguez-Leiva testified that his brother was later injured in a shooting, and his brother-in-law and uncle were killed. He said that his brother-in-law had denied knowledge of Mr. Rodriguez-Leiva's whereabouts when confronted by individuals looking for him, and that his uncle was killed after helping him leave Guatemala in May 2004. Mr. Rodriguez-Leiva claimed he had been persecuted on account of his membership in a particular social group: those who directly witness murders and are threatened if they report the murders to government authorities.

The IJ held Mr. Rodriguez-Leiva's asylum application was untimely and declined to apply an exception to the one-year deadline because there was no evidence of changed or extraordinary circumstances preventing a timely filing. Regarding withholding of removal, the IJ found that Mr. Rodriguez-Leiva was credible and that the attempt to kill him and the shootings of his relatives qualified as persecution. But the IJ denied relief because he had not shown that these incidents were perpetrated on account of a protected ground as defined in the applicable statute. Thus, the IJ concluded that Mr. Rodriguez-Leiva failed to demonstrate a nexus between his membership in a cognizable social group and past persecution or a clear probability of future persecution if he returned to Guatemala. Regarding relief under the CAT, the IJ found that Mr. Rodriguez-Leiva had not been previously tortured in Guatemala, nor did he have an objectively reasonable fear of future torture.

The BIA agreed with the IJ's reasoning on all issues and dismissed Mr. Rodriguez-Leiva's appeal. In his petition for review, he asserts that (1) his delay in filing his asylum application was reasonable under the circumstances; (2) the BIA erred in holding that he failed to establish past persecution or a well-founded fear of future persecution on account of his membership in a particular social group; and (3) the BIA erred in denying his claim for relief under the CAT.

- 3 -

## II. Discussion

The BIA's brief order by a single panel member constitutes the final order of removal subject to our review. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). But where, as here, the BIA adopts the IJ's rationale, "we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.* The BIA's factual findings "are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Rivera-Barrientos v. Holder*, 666 F.3d 641, 645 (10th Cir. 2012) (internal quotation mark omitted). "We review the BIA's legal conclusions de novo." *Id.* We construe Mr. Rodriguez-Leiva's pro se arguments liberally. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

### A. Denial of Asylum

The IJ held that Mr. Rodriguez-Leiva's asylum application was untimely. Under 8 U.S.C. § 1158(a)(2)(B), an alien must present clear and convincing evidence that his asylum application was filed within one year after the date of his arrival in the United States. But a late application may be considered if the alien demonstrates "extraordinary circumstances relating to the delay in filing an application." *Id.* § 1158(a)(2)(D). Mr. Rodriguez-Leiva contends the BIA erred in holding that he failed to show extraordinary circumstances based on his claim that his application was late because he was not previously aware that he could apply for asylum. Under 8 U.S.C. § 1158(a)(3), we are precluded from reviewing the BIA's determination.

*See Ferry v. Gonzales*, 457 F.3d 1117, 1129-30 (10th Cir. 2006) (holding argument that extraordinary circumstances excuse an untimely asylum application "is a challenge to an exercise of discretion that remains outside our scope of review"). We therefore dismiss the petition for review for lack of jurisdiction to the extent Mr. Rodriguez-Leiva challenges the BIA's holding that his asylum application was untimely.

## B. Denial of Withholding of Removal

Regarding his application for withholding of removal, Mr. Rodriguez-Leiva argues the BIA erred in holding he failed to demonstrate past persecution or a clear probability of future persecution based on a statutorily protected ground. To be eligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), "an applicant must demonstrate that there is a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233 (10th Cir. 2012) (internal quotation marks omitted). "For persecution to be on account of a statutorily protected ground, the victim's protected characteristic must be central to the persecutor's decision to act against the victim." *Rivera-Barrientos*, 666 F.3d at 646 (internal quotation marks and brackets omitted).

The BIA held that Mr. Rodriguez-Leiva's proposed social group—those who directly witness a murder and are threatened if they report the murder to government authorities—is not a legally cognizable "particular social group." The BIA relied on

- 5 -

its decision in *Matter of C-A-*, 23 I. & N. Dec. 951 (BIA 2006), which held that a group composed of "noncriminal informants" did not meet the particularity requirement, *id.* at 957, and a narrower group defined as "noncriminal drug informants working against the Cali drug cartel" also did not constitute a particular social group due, in part, to the proposed group's lack of social visibility, *id.* at 961. Mr. Rodriguez-Leiva argues (without citing any cases) that other circuit courts have criticized *Matter of C-A-*. But we held in *Rivera-Barrientos* that *Matter of C-A-* reasonably interpreted the applicable statute as requiring both particularity and social visibility. *See* 666 F.3d at 644, 649, 652; *see also Rodas-Orellana v. Holder*, 780 F.3d 982, 990-91 (10th Cir. 2015) (noting the BIA now refers to the "social visibility" requirement as "social distinction," but the test we apply has not changed).

"[T]he 'particular social group' analysis is necessarily contextual." *Rivera-Barrientos*, 666 F.3d at 648. Mr. Rodriguez-Leiva has not established that his proposed social group is "visible" or "distinct" by pointing to evidence suggesting that Guatemalan society considers witnesses who are threatened after reporting a murder to government authorities to be a distinct social group. *See id.* at 653 (holding proposed social group of "young women who have resisted gang recruitment" lacked sufficient social visibility to constitute a particular social group). Moreover, Mr. Rodriguez-Leiva has not shown he was persecuted on account of his social status. Rather, the evidence indicates he was targeted by criminals because he posed a threat to their interest in avoiding prosecution. *See id.* (quoting *Matter of*

*C-A-*, 23 I. & N. Dec. at 958-59, for proposition that person "singled out for reprisal" based on "his role in disrupting particular criminal activity" was not "targeted as a member of a particular social group"). Because Mr. Rodriguez-Leiva fails to show the BIA erred in denying his application for withholding of removal, we deny his petition for review of that issue.

## C. Denial of Protection Under the CAT

Finally, Mr. Rodriguez-Leiva challenges the BIA's denial of protection under the CAT, for which he was required to "establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." *Zhi Wei Pang*, 665 F.3d at 1233-34 (internal quotation marks omitted). He claims that he has evidence the police will be unable to protect him if he is removed to Guatemala, but he fails to point to any evidence of past torture or other evidence demonstrating a likelihood of future torture. We therefore deny his petition for review of this issue.

## III. Conclusion

The petition for review is dismissed in part for lack of jurisdiction and otherwise denied.

Entered for the Court

Mary Beck Briscoe
Chief Judge

- 7 -