**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 24, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CRISTOBAL NUNEZ-ROBLES, a/k/a
FIDEL NUNEZ-MUNIZ,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

No. 18-9514
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **EBEL**, and **McHUGH**, Circuit Judges.
_____

Petitioner Cristobal Nunez-Robles, a citizen of Mexico found unlawfully in the

United States, challenges his administrative removal proceeding in two ways. First,

relying on Pereira v. Sessions, 138 S. Ct. 2105 (2018), Nunez-Robles argues for the

first time that the Notice to Appear ("NTA") in his case—the document that the

Department of Homeland Security ("DHS") uses to initiate removal proceedings—

was defective and, therefore, the immigration judge ("IJ") never acquired jurisdiction

---

[*] This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

over these removal proceedings.  Because Nunez-Robles never raised this issue to the Board of Immigration Appeals ("BIA"), it is unexhausted and we, therefore, lack jurisdiction to consider this question.

Second, because Nunez-Robles's Pereira argument does not raise any substantial concerns about our own jurisdiction here, we turn to his petition for review, which is otherwise properly before us.  In that petition, Nunez-Robles challenges the BIA's decision to deny his second motion to reopen his removal proceeding.  Nunez-Robles based that motion on newly discovered evidence of changed circumstances in Mexico.  We conclude that the BIA did not abuse its discretion in denying this motion to reopen.

Having jurisdiction under 8 U.S.C. § 1252, we, therefore, DENY the petition for review and, to the extent Nunez-Robles asserts an unexhausted Pereira issue, we DISMISS that argument for lack of jurisdiction.[1]

## I. BACKGROUND

Nunez-Robles is a Mexican citizen found unlawfully in the United States.  As a result, DHS detained him briefly in March 2012, released him on a cash bond, and initiated removal proceedings against him.  During those proceedings, Nunez-Robles conceded that he was removable but applied for discretionary cancellation of removal, see 8 U.S.C. § 1229b.  The IJ ruled that Nunez-Robles was not eligible for

---

[1] We DENY the motion by the Retired Immigration Judges and Former Members of the BIA to file an amicus brief addressing the Pereira issue since we are not addressing that issue.

that discretionary relief because he was unable to prove that none of his several criminal convictions was for a crime involving moral turpitude. See 8 U.S.C. § 1229b(b)(1)(C) (addressing eligibility for cancellation of removal). The BIA upheld the IJ's determination, and also denied Nunez-Robles' first motion to reopen his removal proceedings. This court upheld both BIA decisions. See Nunez-Robles v. Sessions, 722 F. App'x 756 (10th Cir. 2017) (unpublished).

Nunez-Robles then filed the motion at issue here, a second motion to reopen his removal proceedings. "Ordinarily, a noncitizen cannot file a second motion to reopen." Lopez-Munoz v. Barr, 941 F.3d 1013, 1014 (10th Cir. 2019) (footnote omitted). The BIA, however, had jurisdiction to consider Nunez-Robles' second motion to reopen because in it Nunez-Robles asserted newly discovered evidence of changed circumstances in Mexico that he contended entitle him to asylum in this country or at least withholding of removal. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA denied Nunez-Robles's second motion to reopen. That is the decision that he challenges in the petition for review before us. We have jurisdiction to review that decision under 8 U.S.C. § 1252(a)(1). See Mata v. Lynch, 135 S. Ct. 2150, 2154 (2015).

## II. DISCUSSION

### A. This court lacks jurisdiction to consider the administratively unexhausted Pereira issue

While Nunez-Robles's current petition for review was pending before this court, the Supreme Court decided Pereira, ruling that an NTA that failed to state the

3

time and place of removal proceedings was ineffective to trigger a statutory stop-time rule. See Pereira, 138 S. Ct. at 2109-10. Relying on that decision, Nunez-Robles argued for the first time to this court that, because the NTA with which DHS served him was defective—it stated the wrong date and time for his removal hearing—the IJ never acquired jurisdiction over these removal proceedings. Because Nunez-Robles never presented that argument to the BIA, however, it is administratively unexhausted and we, therefore, lack jurisdiction to consider this question in the first instance. See 8 U.S.C. § 1252(d)(1); see also Lucio-Rayos v. Sessions, 875 F.3d 573, 579 n.9 (10th Cir. 2017); Rivera-Zurita v. INS, 946 F.2d 118, 120 & n.2 (10th Cir. 1991).[2]

**B. The BIA did not abuse its discretion in denying Nunez-Robles's second motion to reopen**

We turn, then, to the merits of the petition for review that is properly before us, challenging the BIA's decision to deny Nunez-Robles's second motion to reopen. We review that decision for an abuse of discretion. See Maatougui v. Holder, 738 F.3d 1230, 1239 (10th Cir. 2013).

Nunez-Robles's new evidence of changed circumstances in Mexico indicates that his cousin, a convicted murderer, was recently paroled from a U.S. prison and

---

[2] Even if this court might recognize an exception to the administrative exhaustion requirement where the unexhausted issue raises a substantial question as to this court's own jurisdiction, Nunez-Robles has not raised such a question here. In any event, we have recently joined the BIA and other circuits in rejecting the merits of a similar Pereira jurisdictional challenge. See Lopez-Munoz, 941 F.3d at 1014, 1015-18, 1015 n.4.

removed to Mexico.  In 1996, Nunez-Robles both informed Denver police that his cousin had murdered someone and testified against the cousin at his murder trial, despite the cousin's threats to kill Nunez-Robles.  Nunez-Robles now fears that, should he be removed to Mexico, his cousin will carry out his threats to kill Nunez-Robles.

Based upon these new facts, Nunez-Robles sought to reopen his removal proceeding so that he could apply for asylum and withholding of removal.  See 8 U.S.C. §§ 1158, 1231(b)(3)(A).[3]  To be eligible for asylum, Nunez-Robles had to establish that he was a refugee, id. § 1158(b)(1)(A), which, as relevant here, is "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to . . . that country because of . . . a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," id. § 1101(42)(A).  See Rodas-Orellana v. Holder, 780 F.3d 982, 986 (10th Cir. 2015).

> Persecution is the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive, and requires more than just restrictions or threats to life and liberty. Persecution under this section means not only persecution by the government but also by a non-governmental group that the government is unwilling or unable to control.

---

[3] Nunez-Robles also sought 1) relief under the United Nations Convention against Torture ("CAT"), see 8 C.F.R. § 1208.16(c); 2) more time to seek a visa based on his being a victim of criminal activity, see 8 C.F.R. § 214.14; and 3) withdrawal of permission for his voluntary departure.  The BIA denied these other forms of requested relief, and Nunez-Robles does not expressly seek this court's review of those decisions.

Karki v. Holder, 715 F.3d 792, 801 (10th Cir. 2013) (citation, internal quotation marks omitted). Nunez-Robles had to show a "reasonable possibility" of such persecution. 8 C.F.R. § 1208.13(b)(2)(i)(B).[4]

The BIA held that Nunez-Robles had failed to make a prima facie claim that he is eligible for asylum for three separate and independent reasons. First, the required showing of persecution must involve the Mexican government, either as the persecutor or, as relevant here, as being "unwilling or unable to control" the persecutor. Karki, 715 F.3d at 801 (internal quotation marks omitted). Here, the BIA accurately determined that Nunez-Robles "made no argument and presented no evidence to suggest that the Mexican Government would be unable or unwilling to protect him from his cousin." (A.R. 4 n.1.) Nunez-Robles does not challenge that determination in his brief to this court.

Second, "an applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality," and it would be reasonable for him to do so. 8 C.F.R. § 1208.13(b)(2)(ii), (b)(3); see Ritonga v. Holder, 633 F.3d 971, 976-77 (10th Cir. 2011). Where, as here, the persecution is not by the government and is not

_____

[4] Similarly, to obtain withholding of removal, Nunez-Robles had to show that it was more likely than not that his "life or freedom would be threatened" in Mexico "because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A), (C); 8 C.F.R. § 1208.16(b)(2). Because, as we explain, Nunez-Robles has failed to show that he is entitled to asylum, then, a fortiori, he cannot make the more onerous showing required for withholding of removal. See Xue v. Lynch, 846 F.3d 1099, 1103 & n.7, 1110 (10th Cir. 2016), cert. dismissed, 138 S. Ct. 420 (2017).

government-sponsored, it is the asylum applicant who has "the burden of establishing that it would not be reasonable for him . . . to relocate." 8 C.F.R. § 1208.13(b)(3)(i); see also Ritonga, 633 F.3d at 977. The BIA again accurately determined that Nunez-Robles "made no argument and presented no evidence to suggest . . . that he could not relocate to an area of Mexico where he would be safe from his cousin." (A.R. 4 n.1.) Nunez-Robles does not challenge here that determination by the BIA.

Finally, Nunez-Robles had to establish that he had a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(42) (emphasis added). He claimed that he "may fall under a particular social group of 'testifying witness.'" (A.R. 25.) Generally, a "particular social group"

> mean[s] "a group of persons all of whom share a common, immutable characteristic," such as "sex, color, or kinship ties, or in some circumstances it might be a shared past experience such as former military leadership or land ownership." The common characteristic "must be one that the members of the group either cannot change or should not be required to change because it is fundamental to their individual identities or consciences."

Rivera-Barrientos v. Holder, 666 F.3d 641, 648 (10th Cir. 2012). In addition, a qualifying "particular social group" must also have "particularity"—that the group "cannot be indeterminate, too subjective, inchoate, and variable"—and "social visibility." Rodas-Orellana, 780 F.3d at 990 (internal quotation marks and alteration omitted). Social visibility means a group that is "perceived as a group by society." Id. at 991 (internal quotation marks omitted).

7

Here, the BIA held that the fact that Nunez-Robles testified against his cousin did not make him part of any "group"; instead, Nunez-Robles "appears to simply fear personal revenge or retaliation from [his] cousin, which is generally insufficient to qualify for asylum and withholding of removal" (A.R. 4). See generally Vatulev v. Ashcroft, 354 F.3d 1207, 1209 (10th Cir. 2003) (noting that "acts of common criminality or personal hostility . . . do not implicate asylum eligibility," citing cases). The BIA did not abuse its discretion in reaching that conclusion. See Rodriguez-Leiva v. Holder, 607 F. App'x 807, 810-11 (10th Cir. 2015) (unpublished) (upholding BIA's rejection of immigrant's proposed social group, "those who directly witness a murder and are threatened if they report the murder to government authorities," because immigrant failed to point to evidence that Guatemalan society would consider this to be a distinct social group).[5] Furthermore, the cases which Nunez-Robles cites—suggesting witnesses testifying against Central American gangs could be part of a "particular social group"—are distinguishable from this case.[6] Nunez-Robles offers no evidence that his prior testimony against his cousin related to a systemic or generalized issue of public visibility and importance.

------

[5] Though unpublished, this court's reasoning in Rodriguez-Leiva is persuasive.

[6] See Henriquez Rivas v. Holder, 707 F.3d 1081, 1083 (9th Cir. 2013) (vacating denial of asylum because BIA misapplied its own precedents in determining that immigrant who testified in a criminal trial in El Salvador against gang members who killed her father was not a member of a "particular social group"); see also Solomon-Membreno v. Holder, 578 F. App'x 300, 305-06 (4th Cir. 2014) (unpublished) (noting in dicta that witnesses who testify against El Salvadoran gang members could be a "particular social group").

For the first time to this court, Nunez-Robles complains that the BIA denied him due process by failing to remand his case to the IJ to conduct a hearing before denying Nunez-Robles's second motion to reopen. Ordinarily an immigrant need not exhaust his constitutional claims before raising them to this court. See Vicente-Elias v. Mukasey, 532 F.3d 1086, 1094 (10th Cir. 2008). "The only caveat is that objections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." Id. Nunez-Robles's due process claim falls within this caveat. Therefore, this court lacks jurisdiction to consider this unexhausted procedural due process claim.[7]

### III. CONCLUSION

Rejecting Nunez-Robles's arguments for review, we DENY his petition. To the extent he invokes Pereira to argue that the IJ (and by extension our court) never had jurisdiction over these removal proceedings, we DISMISS that portion of his

---

[7] In any event, Nunez-Robles's due process argument lacks merit. In support of his motion to reopen, Nunez-Robles had an opportunity, and in fact was required, to "state the new facts that will be proven at a hearing to be held if the motion [to reopen] is granted, and" to support those new facts "by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B) (emphasis added). Nunez-Robles submitted supporting materials and does not contend that he was precluded from doing so fully. Nor does he assert now any additional evidence he would have presented at a hearing.

petition because we lack jurisdiction to address that argument since it was

unexhausted before the BIA.

Entered for the Court


David M. Ebel
Circuit Judge